UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONAL ENRIQUE BENITEZ,

Petitioner,

Case No. 2:26-cv-1928-KCD-KRH

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ATTORNEY GENERAL OF THE UNITED STATES, WARDEN OF COLLIER COUNTY SHERIFF,

Respondents,
_______________________________/

**ORDER**

Petitioner Ronal Enrique Benitez is a Venezuelan citizen who entered the United States in 2021. He was apprehended by border patrol and processed for expedited removal. (Doc. 5-1 at 5.)[1] After Benitez expressed a fear of torture, which an asylum officer found credible, he was released and issued a notice to appear. (*Id.* at 1.) On June 8, 2026, immigration officers encountered Benitez at the Lee County jail and he was returned to immigration custody. He has now filed a habeas corpus petition challenging his continued immigration detention. (Doc. 1.)

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The Government first argues that this Court lacks jurisdiction to consider the habeas petition under 8 U.S.C. § 1252(g). (Doc. 5 at 3-4.) But § 1252(g) forecloses judicial review of just three discrete actions by the Attorney General, and challenging the procedural mechanics of detention is not one of them. "The Court is satisfied it has jurisdiction over [Benitez's] claims." *Azimi v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-CV-928-MMH-PDB, 2026 WL 1543228, at *2 (M.D. Fla. June 2, 2026).

The Government tries to justify Benitez's detention under § 1225(b)(1)(B)(ii), claiming he is an arriving alien subject to expedited removal. "This section," it argues, "does not simply authorize [Benitez's]

detention; it mandates that [he] be detained while his asylum petition is pending." (Doc. 5 at 5.) But the Government's own "actions took [Benitez] out of the § 1225 context." *Lora-Osorio v. Facility Adm'r, Flagler Cnty. Jail*, No. 3:26-CV-1020-MMH-PDB, 2026 WL 1473878, at *2 (M.D. Fla. May 27, 2026).

The Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). Although *Hernandez Alvarez* did not directly address the circumstance of a petitioner, like Benitez, who was initially detained for expedited removal proceedings but released on his own recognizance after a positive credible fear finding, its reasoning still applies. Benitez was not seeking entry at the border when he was re-detained and the Government's own forms classify him as an alien present in the United States—not as an "arriving alien." "Thus, [his] detention is properly governed by § 1226." *Lora-Osorio*, 2026 WL 1473878, at *2.

Because Benitez is not properly detained under § 1225(b)(1) as the Government contends, and no alternative justification for his custody is offered, "the Court finds that release is the appropriate remedy." *Id.*; *see also Silva-Toruno v. Ripa*, No. 2:26-CV-199-SPC-DNF, 2026 WL 503333, at *4 (M.D. Fla. Feb. 24, 2026).

For these reasons, Benitez's habeas petition (Doc. 1) is **GRANTED**. Respondents shall release Benitez **within 48 hours of this Order**. The **Clerk** is directed to terminate any pending motions, enter judgment granting the habeas petition, and close the file.

**ORDERED** in Fort Myers, Florida on September 4, 2026.

Kyle C. Dudek
United States District Judge